ORIGINAL

1  EILEEN M. DECKER
   United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
4  Assistant United States Attorney
   OCDETF Section
5       1400 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-1259
7       Facsimile: (213) 894-0142
        E-mail:   alexander.schwab@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          17 CR 0 0053

13          Plaintiff,                 PLEA AGREEMENT FOR DEFENDANT
                                       GERALD MARSHALL LEBOWITZ
14             v.

15  GERALD MARSHALL LEBOWITZ,

16          Defendant.

17

18       1.   This constitutes the plea agreement between defendant

19  GERALD MARSHALL LEBOWITZ ("defendant") and the United States

20  Attorney's Office for the Central District of California ("the USAO")

21  in the investigation of defendant's conduct in this matter.  This

22  agreement is limited to the USAO and cannot bind any other federal,

23  state, local, or foreign prosecuting, enforcement, administrative, or

24  regulatory authority.

25              RULE 11(c)(1)(C) AGREEMENT

26       2.   Defendant understands that this agreement is entered into

27  pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

28  Accordingly, defendant understands that, if the Court determines that

1    it will not accept this agreement, absent a breach of this agreement

2    by defendant prior to that determination and whether or not defendant

3    elects to withdraw any guilty pleas entered pursuant to this

4    agreement, this agreement will, with the exception of paragraph 26

5    below, be rendered null and void and both defendant and the USAO will

6    be relieved of their obligations under this agreement.  Defendant

7    agrees, however, that if defendant breaches this agreement prior to

8    the Court's determination whether or not to accept this agreement,

9    the breach provisions of this agreement, paragraphs 29 and 30 below,

10   will control, with the result that defendant will not be able to

11   withdraw any guilty pleas entered pursuant to this agreement, the

12   USAO will be relieved of all of its obligations under this agreement,

13   and the Court's failure to follow any recommendation or request

14   regarding sentence set forth in this agreement will not provide a

15   basis for defendant to withdraw defendant's guilty pleas.

16                            DEFENDANT'S OBLIGATIONS

17        3.   Defendant agrees to:

18             a.   Give up the right to indictment by a grand jury and,

19   at the earliest opportunity requested by the USAO and provided by the

20   Court, appear and plead guilty to a two-count information in the form

21   attached to this agreement as Exhibit A or a substantially similar

22   form, which charges defendant with possession with intent to

23   distribute methaqualone, in violation of 21 U.S.C. § 841(a)(1),

24   (b)(1)(C), and conspiracy to commit money laundering, in violation of

25   18 U.S.C. § 1956(h).

26             b.   Not contest facts agreed to in this agreement.

27

28

1          c.    Abide by all agreements regarding sentencing contained
2    in this agreement and affirmatively recommend to the court that it
3    impose sentence in accordance with paragraph 20 of this agreement.

4          d.    Appear for all court appearances, surrender as ordered
5    for service of sentence, obey all conditions of any bond, and obey
6    any other ongoing court order in this matter.

7          e.    Not commit any crime; however, offenses that would be
8    excluded for sentencing purposes under United States Sentencing
9    Guidelines ("USSG" or "Sentencing Guidelines") § 4A1.2(c) are not
10   within the scope of this agreement.

11         f.    Be truthful at all times with Pretrial Services, the
12   United States Probation Office, and the Court.

13         g.    Pay the applicable special assessments at or before
14   the time of sentencing unless defendant lacks the ability to pay and
15   prior to sentencing submits a completed financial statement on a form
16   to be provided by the USAO.

17       4.    Defendant further agrees:

18         a.    Truthfully to disclose to law enforcement officials,
19   at a date and time to be set by the USAO, the location of,
20   defendant's ownership interest in, and all other information known to
21   defendant about, all monies, properties, and/or assets of any kind,
22   derived from or acquired as a result of, or used to facilitate the
23   commission of, defendant's illegal activities, and to forfeit all
24   right, title, and interest in and to such items, specifically
25   including all right, title, and interest in and to all United States
26   currency, property and assets, including approximately $4,063,180 and
27   €69,500, seized by law enforcement officials on October 6 and 7,

28

                                    3

1  2016, which defendant admits constitute the proceeds of defendant's

2  illegal activity, in violation of 21 U.S.C. § 841(a)(1).

3      b.   To the Court's entry of an order of forfeiture at or

4  before sentencing with respect to these assets and to the forfeiture

5  of the assets.

6      c.   To take whatever steps are necessary to pass to the

7  United States clear title to the assets described above, including,

8  without limitation, the execution of a consent decree of forfeiture

9  and the completing of any other legal documents required for the

10  transfer of title to the United States.

11      d.   Not to contest any administrative forfeiture

12  proceedings or civil judicial proceedings commenced against these

13  properties pursuant to 21 U.S.C. § 853. With respect to any criminal

14  forfeiture ordered as a result of this plea agreement, defendant

15  waives the requirements of Federal Rules of Criminal Procedure 32.2

16  and 43(a) regarding notice of the forfeiture in the charging

17  instrument, announcements of the forfeiture sentencing, and

18  incorporation of the forfeiture in the judgment. Defendant

19  acknowledges that forfeiture of the assets is part of the sentence

20  that may be imposed in this case and waives any failure by the Court

21  to advise defendant of this, pursuant to Federal Rule of Criminal

22  Procedure 11(b)(1)(J), at the time the Court accepts defendant's

23  guilty pleas.

24      e.   Not to assist any other individual in any effort

25  falsely to contest the forfeiture of the assets described above.

26      f.   Not to claim that reasonable cause to seize the assets

27  was lacking.

28

1          g.    To prevent the transfer, sale, destruction, or loss of

2    any and all assets described above to the extent defendant has the

3    ability to do so.

4          h.    To fill out and deliver to the USAO a completed

5    financial statement listing defendant's assets on a form provided by

6    the USAO.

7          i.    That forfeiture of assets described above shall not be

8    counted toward satisfaction of any special assessment, fine,

9    restitution, costs, or other penalty the Court may impose.

10                        THE USAO'S OBLIGATIONS

11     5.   The USAO agrees to:

12          a.    Not contest facts agreed to in this agreement.

13          b.    Abide by all agreements regarding sentencing contained

14    in this agreement and affirmatively recommend to the court that it

15    impose sentence in accordance with paragraph 20 of this agreement.

16          c.    Except for criminal tax violations (including

17    conspiracy to commit such violations chargeable under 18 U.S.C.

18    § 371), not further criminally prosecute defendant for violations of

19    18 U.S.C. §§ 1001, 1028, 1028A, or 1957 arising out of defendant's

20    conduct described in the agreed-to factual basis set forth in the

21    "FACTUAL BASIS" section below.  Defendant understands that the USAO

22    is free to criminally prosecute defendant for any other unlawful past

23    conduct or any unlawful conduct that occurs after the date of this

24    agreement.  Defendant agrees that at the time of sentencing the Court

25    may consider the uncharged conduct in determining the applicable

26    Sentencing Guidelines range, the propriety and extent of any

27    departure from that range, and the sentence to be imposed after

28

1  consideration of the Sentencing Guidelines and all other relevant

2  factors under 18 U.S.C. § 3553(a).

3                         NATURE OF THE OFFENSES

4       6.    Defendant understands that for defendant to be guilty of

5  the crime charged in count one, that is, possession with intent to

6  distribute methaqualone, in violation of 21 U.S.C. § 841(a)(1),

7  (b)(1)(C), the following must be true: (1) defendant knowingly

8  possessed methaqualone; and (2) defendant possessed it with the

9  intent to distribute it.

10      7.    Defendant understands that for defendant to be guilty of

11 the crime charged in count two, that is, conspiracy to commit money

12 laundering, in violation of 18 U.S.C. § 1956(h), the following must

13 be true: (1) there was an agreement between two or more persons to

14 engage in money laundering, in violation of 18 U.S.C.

15 § 1956(a)(1)(B)(i); and (2) defendant joined in the agreement knowing

16 of its purpose and intending to help accomplish that purpose.  To

17 violate 18 U.S.C. § 1956(a)(1)(B)(i), the following elements must be

18 satisfied: (1) defendant or a co-conspirator conducted a financial

19 transaction involving property that represented the proceeds of

20 illegal activity, specifically, distribution of controlled

21 substances; (2) defendant or a co-conspirator knew that the property

22 represented the proceeds of some form of unlawful activity; and

23 (3) defendant or a co-conspirator knew that the transaction was

24 designed in whole or in part to conceal or disguise the nature or

25 source of the proceeds.  A financial transaction is a transaction

26 involving the movement of funds by wire or other means that affects

27 interstate or foreign commerce in any way.

28

PENALTIES

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) is: twenty years' imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1956(h), (a)(1)(B)(i), is: twenty years' imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: forty years' imprisonment; a lifetime period of supervised release; a fine of $1,500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

11.   Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and USSG § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for a violation of for a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) is: a three-year period of supervised release and a mandatory special assessment of $100.

12.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for

federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

13. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

14. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

15. Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under

1 some circumstances, be mandatory; denial of citizenship; and denial

2 of admission to the United States in the future. The court cannot,

3 and defendant's attorney also may not be able to, advise defendant

4 fully regarding the immigration consequences of the felony

5 convictions in this case. Defendant understands that unexpected

6 immigration consequences will not serve as grounds to withdraw

7 defendant's guilty pleas.

8                              FACTUAL BASIS

9      16.  Defendant admits that defendant is, in fact, guilty of the

10 offenses to which defendant is agreeing to plead guilty. Defendant

11 and the USAO agree to the statement of facts provided below and agree

12 that this statement of facts is sufficient to support pleas of guilty

13 to the charges described in this agreement and to establish the

14 Sentencing Guidelines factors set forth in paragraph 18 below but is

15 not meant to be a complete recitation of all facts relevant to the

16 underlying criminal conduct or all facts known to either party that

17 relate to that conduct.

18      On November 12, 2015, in Los Angeles County, within the Central

19 District of California, defendant consented to a search of his

20 vehicle, resulting in the seizure of $70,000 in cash in a black bag

21 wedged between the center console and front passenger seat.

22 Defendant told the officer that he had additional cash stored in a

23 unit inside U.S. Private Vaults, and consented to forfeiting it to

24 law enforcement. As a result, law enforcement seized approximately

25 $1,543,000 from defendant's vault.

26      On October 6, 2016, in Los Angeles County, within the Central

27 District of California, law enforcement agents executed a search

28 warrant on storage locker AS1-F-5, located at Los Angeles Fine Arts

1    and Wine Storage, 2290 S. Centinela Avenue, in Los Angeles,

2    California.  Defendant had leased the storage unit under the alias

3    "Robert Levy," and was storing approximately $3,632,000 in cash and

4    44 kilograms of methaqualone in the unit.  A subsequent search

5    warrant at defendant's house in Beverly Hills, California, uncovered

6    approximately $32,180 in additional cash and 0.2 kilograms of

7    additional methaqualone.  Defendant knowingly possessed the

8    methaqualone and did so with the intent to distribute it to others.

9         During execution of the search warrant at defendant's home on

10   October 6, 2016, Special Agents from the DEA and IRS CI interviewed

11   defendant and asked him whether he had any additional private storage

12   units or vaults in which he was storing items beyond those already

13   seized from his storage unit at Los Angeles Fine Arts & Wine Storage.

14   Defendant replied, "You guys got it all."  In reality, as defendant

15   knew, he had stored additional valuables at Hollywood Vaults, 742

16   Seward Street, Box 135, in Los Angeles, which defendant had leased

17   under his own name.  Law enforcement executed a search warrant on Box

18   135 on October 7, 2016, and found that defendant had stored there an

19   additional $399,000 in U.S. currency, €69,500 in cash, U.S. savings

20   bonds, and gold and silver coins.

21        All told, the approximately $5,606,180 seized from defendant

22   represented the proceeds of illegal drug sales that defendant had

23   either laundered or was in the process of laundering.  Beginning on a

24   date before November 2015 and continuing through October 6, 2016, in

25   Los Angeles County, within the Central District of California, and

26   elsewhere, defendant and others agreed to engage in money laundering

27   for the purpose of concealing the nature and source of property they

28   knew to be the proceeds of unlawful activity, namely, drug

distribution. Specifically, defendant received cash payments through financial transactions in the form of interstate mailings from co-conspirators, which he would receive at commercial mail receiving agencies from which he would lease space under false names. Defendant would then store the cash surreptitiously, such as in private vault locations, to conceal it, its nature, and its source. Additionally, a portion of the drug proceeds would themselves be used to lease the vault space defendant used to store cash, other valuables, and additional controlled substances.

<u>SENTENCING FACTORS AND AGREED-UPON SENTENCE</u>

17. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

18. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 24 | [USSG § 2D1.1(c)(8)[1]] |
| Conviction Under § 1956: | +2 | [USSG § 2S1.1(b)(2)(B)] |
| Acceptance of Responsibility: | -3 | [USSG § 3E1.1] |
| Total Offense Level: | 23 | |
| Criminal History Category: | I | |
| Guideline Range: | 46-57 months' imprisonment | |
| | $20,000-$200,000 fine | |

---

[1] The parties agree that methaqualone is a Schedule I depressant and that a dosage amount is 300 mg.

11

1    19.   The parties agree not to argue that any other specific

2    offense characteristics, adjustments, or departures be imposed.

3    20.   Defendant and the USAO agree that, taking into account the

4    factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant

5    sentencing guideline factors set forth above, an appropriate

6    disposition of this case is that the court impose a sentence of: 18

7    months' imprisonment; three years of supervised release, including,

8    as a condition of supervision, a term of 28 months' home detention

9    pursuant to 18 U.S.C. § 3563(b)(19), with additional conditions to be

10   fixed by the Court; a fine to be set by the Court; and a $200 special

11   assessment.

12                   WAIVER OF CONSTITUTIONAL RIGHTS

13   21.   Defendant understands that by pleading guilty, defendant

14   gives up the following rights:

15        a.    The right to persist in a plea of not guilty.

16        b.    The right to a speedy and public trial by jury.

17        c.    The right to be represented by counsel -- and if

18   necessary have the court appoint counsel -- at trial.  Defendant

19   understands, however, that, defendant retains the right to be

20   represented by counsel -- and if necessary have the court appoint

21   counsel -- at every other stage of the proceeding.

22        d.    The right to be presumed innocent and to have the

23   burden of proof placed on the government to prove defendant guilty

24   beyond a reasonable doubt.

25        e.    The right to confront and cross-examine witnesses

26   against defendant.

27

28

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## LIMITED WAIVER OF DISCOVERY

22.  Defendant understands that the government possesses additional evidence against him that he has not been shown, including the underlying affidavits in support of search warrants related to this case.  In exchange for the government's obligations under this agreement, defendant gives up any right defendant may have had to review any additional discovery not already provided.

## WAIVER OF APPEAL OF CONVICTION

23.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

24.  Defendant agrees that, provided the Court imposes the sentence specified in paragraph 20 above, defendant gives up the right to appeal any portion of that sentence.

13

25.  The USAO agrees that, provided the Court imposes the sentence specified in paragraph 20 above, the USAO gives up its right to appeal any portion of that sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

26.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

27.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or

14

(c) leave defendant's remaining convictions, sentence, and plea
agreement intact.  Defendant agrees that the choice among these three
options rests in the exclusive discretion of the USAO.

EFFECTIVE DATE OF AGREEMENT

28.  This agreement is effective upon signature and execution of
all required certifications by defendant, defendant's counsel, and an
Assistant United States Attorney.

BREACH OF AGREEMENT

29.  Defendant agrees that if defendant, at any time after the
signature of this agreement and execution of all required
certifications by defendant, defendant's counsel, and an Assistant
United States Attorney, knowingly violates or fails to perform any of
defendant's obligations under this agreement ("a breach"), the USAO
may declare this agreement breached.  All of defendant's obligations
are material, a single breach of this agreement is sufficient for the
USAO to declare a breach, and defendant shall not be deemed to have
cured a breach without the express agreement of the USAO in writing.
If the USAO declares this agreement breached, and the Court finds
such a breach to have occurred, then: (a) if defendant has previously
entered guilty pleas pursuant to this agreement, defendant will not
be able to withdraw the guilty pleas, (b) the USAO will be relieved
of all its obligations under this agreement, and (c) the Court's
failure to follow any recommendation or request regarding sentence
set forth in this agreement will not provide a basis for defendant to
withdraw defendant's guilty pleas.

30.  Following the Court's finding of a knowing breach of this
agreement by defendant, should the USAO choose to pursue any charge

15

or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

     a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

     b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

     c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

    31.  Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will

16

1    decide for itself whether to accept and agree to be bound by this

2    agreement.

3        32.   Defendant understands that both defendant and the USAO are

4    free to: (a) supplement the facts by supplying relevant information

5    to the United States Probation Office and the Court, (b) correct any

6    and all factual misstatements relating to the Court's Sentencing

7    Guidelines calculations and determination of sentence, and (c) argue

8    on appeal and collateral review that the Court's Sentencing

9    Guidelines calculations and the sentence it chooses to impose are not

10   error, although each party agrees to maintain its view that the

11   calculations and sentence referenced in paragraphs 18 and 20 are

12   consistent with the facts of this case.  While this paragraph permits

13   both the USAO and defendant to submit full and complete factual

14   information to the United States Probation Office and the Court, even

15   if that factual information may be viewed as inconsistent with the

16   facts agreed to in this agreement, this paragraph does not affect

17   defendant's and the USAO's obligations not to contest the facts

18   agreed to in this agreement.

19                        NO ADDITIONAL AGREEMENTS

20       33.   Defendant understands that, except as set forth herein,

21   there are no promises, understandings, or agreements between the USAO

22   and defendant or defendant's attorney, and that no additional

23   promise, understanding, or agreement may be entered into unless in a

24   writing signed by all parties or on the record in court.

25   //

26   //

27   //

28

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

EILEEN M. DECKER
United States Attorney

_____          1/30/2017
ALEXANDER B. SCHWAB                        Date
Assistant United States Attorney

_____          1-24, 2017
GERALD MARSHALL LEBOWITZ                   Date
Defendant

_____          1/24/17
MICHAEL D. NASATIR                         Date
Attorney for Defendant
GERALD MARSHALL LEBOWITZ

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those

18

contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charges and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____          1-24- 2017
GERALD MARSHALL LEBOWITZ           Date
Defendant

                 CERTIFICATION OF DEFENDANT'S ATTORNEY

     I am GERALD MARSHALL LEBOWITZ's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of his rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is informed and voluntary; and the factual basis set forth
in this agreement is sufficient to support my client's entry of
guilty pleas pursuant to this agreement.

_____          1/24/17
MICHAEL D. NASATIR                 Date
Attorney for Defendant
GERALD MARSHALL LEBOWITZ

19